IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THADDEUS MOORE,<br><br>   Plaintiff,<br><br>v.<br><br>SUBBA REDDY,<br><br>   Defendant. | Civil Action No.: SAG-23-2854 |

## MEMORANDUM OPINION

The above-entitled complaint was filed on October 20, 2023; Plaintiff Thaddeus Moore paid the full filing fee. The complaint concerns Mr. Moore's claim that Defendant Subba Reddy, a real estate agent, "produced a fraudulent survey . . . after being warned through [Mr. Moore's] attorney . . . that the property was owned by [Mr. Moore]." ECF No. 1 at 6. For the reasons set forth below, the complaint must be dismissed for lack of subject matter jurisdiction.

Mr. Moore resides in Maryland, Defendant Reddy resides in Maryland, and the subject property is located in Maryland. *Id*. at 2. Mr. Moore is seeking emergency preliminary injunctive relief to "halt proceedings of case # C-13-CR-23-000103" concerning a criminal trespass charge against him, and he seeks damages of 16 million dollars as well as punitive damages. *Id*. at 7. He invokes this Court's federal question jurisdiction and cites the following federal statutes: 18 U.S.C. § 1341 ("Frauds and swindles"); 18 U.S.C. § 666 ("Theft or bribery concerning programs receiving Federal funds"); 18 U.S.C. § 1008 ("Fraud and False Statements" Repealed Aug. 9, 1989); 10 U.S.C. § 921 ("Larceny and wrongful appropriation" requiring court martial of military personnel for violation); and 42 U.S.C. § 1983 ("Civil Action for deprivation of rights"). All but the last cited statute are federal criminal statutes which do not provide for a private cause of action.

When "a federal statute has been violated and some person harmed [it] does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979).  Federal private rights of action, like substantive federal law, "must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  "To create a private right of action, Congress must 'speak with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private right but also a private remedy." *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014) (internal citation omitted).  Where "Congress is silent or ambiguous, courts may not find a cause of action." *Planned Parenthood S. Atlantic v. Baker*, 941 F.3d 687, 695 (4th Cir. 2019).  Thus, this Court cannot infer a private cause of action for an alleged violation of federal criminal statutes that do not unambiguously confer a private cause of action.  *See Fed Sav. & Loan Ins. Co. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987); accord *Tam Anh Pahm v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014). Mr. Moore's recitation of federal criminal statutes does not establish federal question jurisdiction.

The complaint additionally does not allege a viable claim under 42 U.S.C. § 1983.  A cognizable claim filed pursuant to 42 U.S.C. § 1983 requires at a minimum an allegation of unlawful conduct under color of law.  *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Mr. Moore is pursuing a claim against a private party and he does not allege that the defendant named has acted under color of law to deprive him of a federal constitutional or statutory right.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court").

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)).  Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Having discerned that there is no basis for federal question jurisdiction, it must be determined whether Mr. Moore has established another basis for this Court's jurisdiction.  This Court also has subject matter jurisdiction on the basis of diversity of citizenship.  Diversity

jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). While the amount in controversy appears to be satisfied by Mr. Moore's demand for 16 million dollars in damages, the lawsuit is not between citizens of different States. Both Mr. Moore and the sole Defendant named reside in Maryland.

Lastly, Mr. Moore's request for an emergency temporary restraining order requiring a Maryland State court to dismiss a criminal case against him is relief this Court may not award. This Court is prohibited from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This law, which is known as the Anti-Injunction Act, also limits the Court's power to issue an injunction against a party to litigation in a state court.

By separate Order which follows, the complaint shall be dismissed.

<u>October 26, 2023</u>              <u>          /s/                          </u>
Date              Stephanie A. Gallagher
              United States District Judge